IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY L. JEFFERSON, a/k/a ) | |
| Shareef Abdullah al-Sadiq-Jefferson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:21-cv-00776 |
| ) | |
| CORE CIVIC, et al., ) | JUDGE CAMPBELL |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Timothy L. Jefferson (a/k/a Shareef Abdullah al-Sadiq-Jefferson), an inmate of the Trousdale Turner Correctional Center (TTCC) proceeding pro se, filed two motions in this case on January 11, 2022: a Motion for Preliminary Injunction (Doc. No. 9) and a Motion for Enlargement of Time (Doc. No. 12).

### **I. MOTION FOR ENLARGEMENT OF TIME**

Plaintiff's Motion for Enlargement of Time (Doc. No. 12) contains two requests: (1) a request to extend his deadline in this case for filing the amended complaint permitted by the Court in its PLRA screening Order (Doc. No. 5 at 10–11), and (2) a request to stay and abey the filing deadlines in other cases in which he is rendering legal assistance, pending the resolution of his Motion for Preliminary Injunction. The Motion is **GRANTED** in part and **DENIED** in part, as explained below.

Based on Plaintiff's assertion that access to the prison law library continues to be restricted (*see* Doc. No. 12 at 2), the request for additional time to file an amended complaint in this case is **GRANTED**, and any amended complaint must be filed within **30 DAYS** of the entry of this Order.

Plaintiff is cautioned that failure to file an amended complaint within 30 days or to seek an extension of this deadline before it expires will result in dismissal of this action.

However, Plaintiff's second request, "for [his] time to be stayed, and held in abeyance, for all deadlines" in other cases where he is rendering legal assistance, is **DENIED**. As Plaintiff has previously been advised, "as an inmate legal advisor who is presumably not a licensed attorney, [he] may not represent any other party in this Court." (Doc. No. 7 at 2 (citing 28 U.S.C. § 1654 and *McKissack v. Van Buren Cnty. Sheriff's Dep't*, No. 1:18-CV-799, 2020 WL 686202, at *2 (W.D. Mich. Jan. 7, 2020), *report and recommendation adopted*, No. 1:18-CV-799, 2020 WL 636004 (W.D. Mich. Feb. 11, 2020).) Accordingly, Plaintiff may not seek relief from the deadlines that apply in other litigants' cases, nor are the demands of his role as inmate legal advisor grounds for extending his own deadlines.

## II. MOTION FOR PRELIMINARY INJUNCTION

In his Motion for Preliminary Injunction (Doc. No. 9) and supporting materials (Doc. Nos. 10, 11), Plaintiff seeks an order enjoining "enforcement of the illegal prison regulation at Core Civic's privately managed prison at TTCC, that bars [Plaintiff] from independently carrying-on [his] profession in the law, and from furnishing assistance to other prisoners as an independent, professional trained in the law[.]" (Doc. No. 9 at 1.) In support of this request for injunctive relief, Plaintiff cites TTCC's inadequate provision of law library access and insufficient number of rostered legal advisors (*id.* at 1–2) as grounds for enjoining the reduction of his law library access from 4 days per week (which had earlier been approved due to his qualifications, despite his formal reassignment from "Legal Aide . . . to Commercial Cleaner/Rockman" in March 2021) to 1 day per week. He claims that his library hours were reduced in retaliation for his filing (or assistance in filing) lawsuits against Core Civic. (Doc. No. 11 at 1–2.)

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). The Court examines four factors in determining the appropriateness of such relief, including "whether the plaintiff has established a substantial likelihood or probability of success on the merits of his claim." *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 690 (6th Cir. 2014) (citation and internal quotation marks omitted). "[W]hen a party seeks a preliminary injunction on the basis of a potential constitutional violation" such as First Amendment retaliation, "the likelihood of success on the merits often will be the determinative factor." *Id.* at 689 (quoting *Obama for America v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012)).

Here, Plaintiff's Motion for Preliminary Injunction is not tethered to any underlying claim, much less one on the merits of which he is likely to succeed. Indeed, the Court has determined that this action—which sought relief based on the allegedly unconstitutional level of inmate violence tolerated at TTCC—is subject to dismissal for failure to state any viable claim to relief. The case will be dismissed with prejudice unless Plaintiff files an amended complaint that states a claim to injunctive relief from those conditions of confinement, as described in the Court's November 10, 2021 Order (Doc. No. 5). The instant Motion's unrelated assertion of a potential claim arising from the allegedly retaliatory restriction of Plaintiff's law library access is not a sufficient foundation for any injunctive order in this case.

Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. No. 9) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE