# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY L. JEFFERSON, a/k/a <br> Shareef Abdullah al-Sadiq-Jefferson, <br><br> Plaintiff, <br><br> v. <br><br> CORE CIVIC, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) NO. 3:21-cv-00776 <br> ) <br> ) JUDGE CAMPBELL <br> ) <br> ) |

## MEMORANDUM AND ORDER

### I. BACKGROUND

On October 8, 2021, Plaintiff Timothy L. Jefferson, a/k/a Shareef Abdullah al-Sadiq-Jefferson, an inmate of the Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee, filed a pro se Complaint for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) He alleged that the corporate operator of TTCC, Defendant CoreCivic, Inc., is "fraudulently and illegally operating [TTCC] under unsafe conditions while poorly under-staffed, as a deliberate strategy to increase its profits off of mass incarceration" (*id.* at 2); that this deliberate strategy has resulted in horrific levels of inmate violence that are "simply tolerated" (*id.*); and that Plaintiff has suffered emotional trauma from witnessing the violence and fearing that he would be victimized (*id.* at 4–5). The Complaint requested an award of $100 million in damages and further appropriate relief. (*Id.* at 5.)

On November 10, 2021, the Court performed an initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. (Doc. No. 5.) The Court found that while Plaintiff had standing to pursue relief for emotional harm caused by the violent conditions at TTCC, his Complaint failed to state a viable

claim for damages because Section 1997e(e) bars any claim for monetary relief based on mental or emotional injury without a prior showing of physical injury. (*Id.* at 7–8.) The Court further found that the Complaint could be liberally construed as seeking injunctive relief, but that it failed to allege sufficient facts to support a plausible claim to such relief "based on deliberate indifference to the risk posed by understaffing." (*Id.* at 9.) Nevertheless, the Court allowed Plaintiff the opportunity to amend his Complaint to more fully present a claim to injunctive relief if he so desired. (*Id.* at 10.)

After requesting and receiving two extensions of his deadline, Plaintiff filed his Amended Complaint on March 1, 2022. (Doc. No. 14.)

## II. THE AMENDED COMPLAINT

The Court must screen the Amended Complaint pursuant to the PLRA, to determine whether it states a colorable claim to relief under the standards applicable to pro se civil rights complaints against state actors under Section 1983. Those standards are set out in the Court's prior Order (Doc. No. 5 at 3) and incorporated herein by reference.

In the Amended Complaint, Plaintiff repeats his allegations of "a dangerous pattern of understaffing, shoddy [and fraudulent] record keeping, and life-threatening danger at [TTCC]," and he identifies multiple instances of inmates being stabbed and brutally beaten by other inmates; one instance of a mental health counselor at the prison being stabbed and sexually assaulted by an inmate; and three instances of inmates dying at the hands of other inmates.[1] (Doc. No. 14 at 2–4.) He alleges that "Core Civic has tolerated inmate assaults at [TTCC] as a matter of routine, because appropriate staffing and safety measures are too expensive," so vacancies on the staff are

---

[1] The Court notes that the most recent inmate death identified, that of Terry Deshawn Childress (*see* Doc. No. 14 at 4), is the subject of another pending lawsuit in this District challenging the way in which TTCC is staffed and operated, *Newby v. CoreCivic of Tennessee, LLC, et al.*, No. 3:22-cv-00093 (M.D. Tenn. Feb. 11, 2022) (Crenshaw, C.J.).

2

maintained rather than being filled. (*Id.* at 4.) He alleges that supervision of the housing units is "significantly inadequate," such that he spends some nights "listening to people walk all night, because their doors are never locked." (*Id.* at 4–5.) Plaintiff claims that he has been "dreadfully traumatized" by the violence he has witnessed, and that CoreCivic is liable because of its deliberate indifference to his right to be protected from such exposure to violence. (*Id.* at 6.) He requests a declaration that his rights have been violated; that CoreCivic "be enjoined and restrained . . . to take immediate affirmative steps to redress the unconstitutional conditions" at TTCC; and that the Court award him compensatory and punitive damages. (*Id.*)

As explained in the Court's prior screening Order (Doc. No. 5 at 7–8), because Plaintiff seeks to recover strictly for mental or emotional injuries produced by the conditions of his confinement without alleging any physical injury, Section 1997e(e) bars him from recovering damages. His claim to prospective injunctive relief, however, "need not await" a physical injury, *Helling v. McKinney*, 509 U.S. 25, 33 (1993), but may proceed upon allegations of deliberate indifference to "prison conditions fostering unconstitutional threats of harm to inmates." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998).

Although it is a private company, there is no question that CoreCivic is a state actor for purposes of Section 1983 because it performs the traditional state function of operating a prison. *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The standards for assessing municipal liability are applied to claims against private corporations that operate prisons. *Ogbeiwi v. CoreCivic Am.*, No. 1:20-cv-01094-STA-cgc, 2021 WL 2144326, at *2 (W.D. Tenn. May 26, 2021) (citing *Thomas v. Coble*, 55 F. App'x 748, 748–49 (6th Cir. 2003)). Pursuant to those standards, Plaintiff can plausibly claim CoreCivic's liability for deliberate indifference if he can show that the company "knows that inmates face a substantial risk of serious harm" from the

3

conditions it tolerates at TTCC "and disregards the risk by failing to take reasonable measures to abate it," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 900 (6th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 847 (1994)), such that a corporate policy or custom of inaction is the "moving force" behind the alleged constitutional violation. *Mass v. Core Civic, Inc.*, No. 3:20-cv-00798, 2020 WL 5816232, at *2 (M.D. Tenn. Sept. 30, 2020) (quoting *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012)).

At this initial stage, and presuming the truth of Plaintiff's allegations while construing them in the light most favorable to him, the Court finds that the Amended Complaint states a colorable claim of deliberate indifference under the Eighth Amendment based on (1) CoreCivic's alleged decision not to fill staffing vacancies when they occur at TTCC, despite TTCC's full-capacity inmate population; (2) its alleged submission of "false and misleading" reports during state audits in order to underrepresent the number of violent incidents at TTCC; and (3) its alleged provision of inadequate security in TTCC's housing units—where cell doors are "never locked"—due (as a matter of reasonable inference) to the level of staffing that would be required to maintain adequate security. (*See* Doc. No. 14 at 1–5.) This Eighth Amendment claim based on CoreCivic's policy or custom of keeping staffing expenditures at TTCC low will proceed for further development.

However, the claims against CoreCivic executives Damon T. Hininger, David M. Garfinkle, Todd J. Mullenger, and Harley G. Lappin—which are not differentiated from the claim against the corporation and are plainly claims against these corporate executives only in their official capacities (*see* Doc. No. 14 at 1)—are redundant and subject to dismissal because CoreCivic is also named as a Defendant in this action. *Oatsvall v. Core Civic*, No. 3:19-CV-00837, 2019 WL 5842929, at *6 (M.D. Tenn. Nov. 7, 2019) ("To the extent the named Defendants are employed by Core Civic, the claims against them in their official capacities are redundant to the

4

claim against Core Civic itself[.]") (citing Fed. R. Civ. P. 12(f) (authorizing courts to strike any "redundant [or] immaterial" matter); *Jones v. Heyns*, No. 1:12-CV-1341, 2014 WL 1607621, at *3 (W.D. Mich. Apr. 22, 2014) (recognizing that "most cases dismissing redundant official capacity claims involve claims against both the entity itself and employees of the entity"); *Galloway v. Swanson*, No. 5:09CV02834, 2012 WL 646074, at *8 (N.D. Ohio Feb. 28, 2012), *aff'd sub nom. Galloway v. Anuszkiewicz*, 518 F. App'x 330 (6th Cir. 2013) ("An official capacity claim against an employee of a private corporation is viewed as a claim against the corporate entity itself.")).

### III. FURTHER PROCEEDINGS

In sum, Plaintiff's Eighth Amendment claim for declaratory and injunctive relief will be allowed to proceed against CoreCivic, while his claim for monetary damages is **DISMISSED**. Defendants Hininger, Garfinkle, Mullenger, and Lappin are **DISMISSED** from this action.

The Clerk is **INSTRUCTED** to send Plaintiff a service packet (blank summons and USM 285 form) for Defendant CoreCivic, Inc. Plaintiff **MUST** complete the service packet and return it to the Clerk's Office within **21 days** of the date of this Order. Upon return of the completed service packet, **PROCESS SHALL ISSUE.**

The Court's determination that the Amended Complaint states a colorable claim for purposes of initial screening does not preclude the Court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude any Defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

This action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE