UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TIMOTHY L. JEFFERSON,<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC et al.,<br><br>    Defendants. | Case No. 3:21-cv-00776<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable William L. Campbell, Jr., District Judge

### REPORT AND RECOMMENDATION

On July 25, 2022, the Court ordered pro se and incarcerated Plaintiff Timothy L. Jefferson to show cause by August 15, 2022, why this action should not be dismissed under Federal Rule of Civil Procedure 41(b) for Jefferson's failure to prosecute his claims. (Doc. No. 22.) The Court also ordered Jefferson to return a service packet for Defendant CoreCivic with his show-cause response and warned Jefferson that failure to comply with the show-cause order could result in a recommendation of dismissal. (*Id.*) The docket reflects that Jefferson has not responded to the Court's show-cause order or returned a completed service packet as ordered. For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Jefferson's complaint without prejudice under Rule 41(b) for Jefferson's failure to prosecute.

**I.    Factual and Procedural Background**

Jefferson initiated this action by filing a pro se complaint under 42 U.S.C. § 1983, which the Court received on October 8, 2021. (Doc. Nos. 1–1-2.) The Court granted Jefferson's application to proceed *in forma pauperis* and screened Jefferson's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. (Doc. No. 5.) The Court found that Jefferson's

complaint did not state any colorable claims for relief but granted him leave to file an amended complaint. (*Id.*) Jefferson filed an amended complaint (Doc. No. 14), which the Court found stated a colorable claim for injunctive relief under the Eighth Amendment to the United States Constitution against Defendant CoreCivic, Inc. (Doc. No. 15.) The Court dismissed the other claims and defendants named in the amended complaint, directed the Clerk of Court to send Jefferson a service packet, and ordered Jefferson to return a completed service packet for CoreCivic within twenty-one days of entry of the Court's order. (*Id.*)

On May 11, 2022, the Court received a service packet for CoreCivic from Jefferson. The Clerk of Court entered a notation on the docket indicating that the service packet was incomplete and was being returned to Jefferson for completion, and the Court ordered Jefferson to return a completed service packet for CoreCivic by June 6, 2022. (Doc. No. 17.) On June 13, 2022, the Court received a letter from Jefferson stating that he had not received a service packet to complete as directed by the Court's order. (Doc. No. 18.) The Court sent Jefferson a new service packet and extended the time for him to return it to June 30, 2022. (Doc. No. 21.) Jefferson did not do so.

On July 25, 2022, the Court ordered Jefferson to show cause by August 15, 2022, why the Magistrate Judge should not recommend that his claims be dismissed under Rule 41(b) for failure to prosecute. (Doc. No. 22.) The Court ordered Jefferson to file a completed service packet for CoreCivic with his response to the show-cause order and warned him that failure to comply with the order to show cause would likely result in a recommendation that his claims be dismissed under Rule 41(b). (*Id.*) The docket shows that Jefferson has not responded to the show-cause order or returned a service packet as ordered.

II.     **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order

of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b)

dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Jefferson.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). There is no indication that Jefferson's failure to return a completed service packet or respond to the Court's show-cause order was motivated by bad faith. However, because the Court warned Jefferson that failure to respond to the motion to dismiss or to the show-cause order could result in dismissal, these failures are indicative of willfulness or fault for purposes of Rule 41(b) and therefore "tip[ ] the scale in favor of dismissal on the first factor." *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Estes v. Smith*, No. 2:15-cv-95, 2018 WL 2308780, at *1 (E.D. Tenn. May 21, 2018) (attributing pro se incarcerated plaintiff's failure to return service packets or respond to show-cause order "to his own willfulness or fault"). This factor therefore weighs in favor of dismissal.

### B. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Because the defendant in this action has not appeared, this factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 629 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court expressly warned Jefferson that failure to return service packets and comply

with the Court's orders could jeopardize his prosecution of this action and may result in a recommendation that his claims be dismissed. (Doc. No. 22.) This factor supports dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Rule 41(b) for Jefferson's failure to prosecute his claims and that all pending motions be TERMINATED.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 15th day of September, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge